By the Court :
To avoid the payment of a note in a suit at law, on the ground.: of fraud, the fraud must extend to the whole consideration. We. have no rule to ascertain the extent of the partial injury sustained by the misrepresentation complained of. The jury can not make a new contract for the parties. They can not establish for. them a price or value different from the one agreed. There is no-doubt but that a vendor, who sells by description, is bound to make it good; and in this case, if the vendee was deceived by misrepresentation, he might have refused to execute his contract. He-might have filed a bill to avoid it, but in place of doing this he has affirmed it. He has taken possession with a full knowledge of all the facts, and has paid a part of the purchase money. Under these circumstances, whatever relief he may be entitled to else *270 where, he can not avail himself of his proposed defense in the present action. W e know that courts of common law, as well as courts of equity, may *relieve against fraud in any form in which their modes of proceeding can reach it; but it does not follow that a party who has acquiesced in a fraud, and thereby •sustained a partial loss, may set that up as a defense to an action brought on a note for the consideration of the contract. Such a ■course would not only be inconvenient, but would lead to uncertain results. It would burden the jury unnecessarily. Plaintiffs would be perpetually liable to be taken by surprise, and much ■of the time of the court would be wasted by unprofitable disputation. Attempts have often been made to set up this kind of defense, but it has been always rejected.